## FRANK M. PIRES *v.* JOE F. PHILLIPS.

## No. 1982.

SUBMITTED DECEMBER 22, 1930.        DECIDED DECEMBER 29, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This case was instituted in the circuit court of the second judicial circuit on the petition of the complainant praying for a declaratory judgment under chapter 170, R. L. 1925, entitled "Declaratory Judgments." The first

section of this chapter (2918) is as follows: "In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, other instruments of writing, statutes, municipal ordinances, and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right." Section 2923 (of the same chapter) is as follows: "This chapter is declared to be remedial; its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor; and it is to be liberally interpreted and administered, with a view to making the courts more serviceable to the people."

The respondent demurred to the petition on grounds that presented the question whether under its allegations the court had jurisdiction to render a declaratory judgment. The demurrer was overruled and the defendant excepted. This exception cannot be sustained.

It appears from the petition that a controversy had arisen between the complainant and the respondent concerning their respective rights under a written lease of land that had been executed by them and that the determination of these rights depended upon the interpretation of the lease itself. These allegations clearly bring the case within the jurisdiction of the circuit court as it is defined in section 2918 above quoted, and within the purpose of the statute as it is stated in section 2923.

The lease in question was executed on November 26, 1926, and by it certain parcels of land situated at Omaopio, Kula, district of Makawao, County of Maui, Territory of Hawaii, containing an area of 73.45 acres, were demised to Frank M. Pires, the complainant herein, for a term of thirty years.

The covenants of the lease that are material to the case as it is presented to us are as follows: "That he" (the lessee) "will not commit or suffer any waste of said premises, nor cut or in any way destroy any of the inia and algaroba trees now growing on said demised premises, excepting for right of ways, trails, roads and in case of necessity."

It is shown by the evidence that a large portion of the demised premises is covered with cactus or panini, which the complainant says he intends to remove if he has a right to do so in order to clear the land for the cultivation of pineapples. The respondent claims that the removal of the cactus or any part of it will constitute waste and is therefore forbidden by the first of the lessee's covenants above quoted.

The land was for many years prior to the lease and for about a year subsequent used for pasturage. It is contended by the respondent that the cactus growing on the land is necessary to the sustenance of cattle and that therefore its removal would so completely change the character of the land as to constitute waste. There is nothing in the lease which binds the lessee to use the premises for any particular purpose. He may therefore use them for any purpose he pleases and may make changes in them that are necessary to adapt them to such purpose so long as he does not diminish their value to the reversion.

In *Owen* v. *Hyde,* 6 Yerg. (14 Tenn.) 333, the court said (p. 339): "It is clear that the cutting timber and clearing land, instead of being waste, would often greatly enhance the value of the inheritance. In this country,

where so large a proportion of the lands are wild and yet in forest, it is often of great advantage to the estate to destroy the timber and reduce the land to a state of cultivation." In applying this statement of the law to the case under consideration the court below said in its decision: "And so here, the cutting of the cactus, and the plowing, planting, and raising of crops upon the premises may and unquestionably will, greatly enhance the value of the inheritance. The court, in company with counsel and their respective clients, visited and inspected the premises in these proceedings mentioned. In many places adjoining and near the premises in question the cactus has been, and is being, removed, the soil tilled and pineapples being planted. If this particular tenant is committing waste then a large majority of owners and tenants of land in Omaopio are doing likewise. Restrictive conditions or covenants incorporated into a lease should be so construed as to carry into effect the intention of the parties. Taking the defendant's own testimony as to the number of cattle this seventy-three acres would pasture, and the approximate profit from each head, the lessee, after the payment of rental and taxes, would have difficulty in realizing any profit whatsoever from the land if retained and used for pasture. The lessor must certainly have understood and intended that the lessee was to receive some substantial benefit from his leasehold rights; and it seems to the court that the doctrine of the law of waste must here be applied with reasonable regard to what is fair to the lessee. The court is of the opinion, and holds, that Mr. Pires, the lessee, in removing the cactus from the premises in question will not be committing waste; but will be acting strictly within his legal rights."

Aside from the observation of the premises and the surrounding country made by the trial court the transcript discloses other evidence which amply supports this conclu-

sion. In connection with this aspect of the case it is contended by the respondent that the following clause of the lease is sufficient to prevent the complainant from removing any of the cactus growing on the land: "The lessee hereby agrees to let said lessor pasture not more than two (2) heads of cattle, free of charge, at all times on said demised premises or rather during said term of lease." The respondent claims that under this covenant he has a right to pasture two head of cattle on any portion of the land he chooses and therefore none of the cactus should be removed. We think this construction of the covenant is not fair to the complainant or reasonable. If a sufficient area is left in condition to afford pasturage for two head of cattle it is all the respondent is entitled to under the covenant.

There remains but one other question which we deem it necessary to discuss. That question relates to the right of the lessee to cut or destroy any of the inia and algaroba trees growing on the premises at the time the lease was executed. The lessee is clearly forbidden, by an express covenant already quoted, to destroy any of these trees except for "rights of way, trails, roads and in case of necessity." It is clear that the restriction applies only to trees growing on the premises at the time the lease was made and not to trees that sprang up afterwards. As to these latter trees there is no restriction upon the lessee's right to remove them, by cutting or otherwise. That there are now such trees growing on the land is shown by the following portion of the circuit court's decision: "At the time of visiting this property in company of counsel and litigants, attention was called to many small inia and algaroba trees, more noticeable on portions of the premises apparently not being used for purposes of pasture. These trees must, in the nature of things, have all sprouted and found their way above the surface of the earth long after the execu-

tion of the lease."

It is also clear from the language of the covenant that if the removal of the trees growing on the land at the time the lease was executed became essential to the construction of rights of way, trails or roads, such removal was not forbidden. Likewise, the removal of such trees was not forbidden "in case of necessity." The court below, in limiting the phrase "in case of necessity," said in its decision: "He" (the lessee) "may also remove such inia and algaroba trees from the leased premises in locating a house lot, gardening plots, cattle corrals, hog pens and chicken runs." This construction of the phrase is certainly as favorable to the lessor as he could ask. The lessee apparently is satisfied with it, otherwise he would have reserved an exception, which he did not do.

There are two exceptions to the admission of evidence against the respondent's objection. This evidence, even if improperly admitted, is without effect upon the conclusions we have reached and the exceptions therefore need not be considered.

The decision and judgment of the circuit court are in conformity with our views and the exceptions are therefore overruled.

*E. R. Bevins* and *Wendell F. Crockett* for complainant.
*E. Vincent* for respondent.